IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID QUARLES, JAMES HARRELL, and KENNETH RAY MYERS, JR., | : : : |
| Plaintiffs, | : Civil Action No. |
| v. | : : |
| ABOVE ALL TREE SERVICE, INC. and BRYAN PERRY, | : : JURY TRIAL DEMANDED |
| Defendants. | : : |

**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

Plaintiffs David Quarles, James Harrell, and Kenneth Ray Myers, Jr. (hereinafter referred to collectively as "Plaintiffs") file this lawsuit against Defendants, ABOVE ALL TREE SERVICE, INC. and Bryan Perry (hereinafter referred to as "Defendants"), alleging as follows:

**JURISDICTION**

1. Jurisdiction over Plaintiffs' federal claims is based on Section 16 of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*, that authorizes employees to bring civil actions in courts of appropriate jurisdiction to recover damages for an employer's failure to pay overtime wages as required by the FLSA. Jurisdiction is proper under 29 U.S.C. §§ 1331 and 1337.

**VENUE**

2. Venue is proper in this District pursuant to 28 U.S.C. §§

1391(b) and (c), because this is a District in which Plaintiffs David Quarles and James Harrell reside and Defendant ABOVE ALL TREE SERVICE, INC. reside, and this is the District in which almost all of the events or omissions giving rise to the claims occurred.

## PARTIES

3. Plaintiff **David Quarles** is a former employee of Defendants who lived within the bounds of this Court during his employment with Defendants.

4. Plaintiff **James Harrell** is a former employee of Defendants who lived within the bounds of this Court during his employment with Defendants.

5. Plaintiff **Kenneth Ray Myers, Jr.** is a former employee of Defendants who carried out all tasks and suffered omissions giving rise to the claims within the bounds of this Court during his employment with Defendants.

6. Defendant **ABOVE ALL TREE SERVICE, INC.** is a for-profit corporation, incorporated in Georgia, with its general office located at 2469 Iris Drive, S.E., Conyers, Georgia 30013. Defendant provides tree removal, tree trimming, stump grinding, and other services for a multi-county area within the bounds of this Court.

7. Defendant **Bryan Perry**, listed on records submitted to the Georgia Corporations Division for all officer positions, the "CEO", the "CFO", and the Secretary, of Defendant ABOVE ALL TREE SERVICE,

INC., is a resident of Jasper County, State of Georgia. Bryan Perry acted and acts directly in the interest of Defendant ABOVE ALL TREE SERVICE, INC. in relation to its employees. Thus, Perry was and is an employer of Plaintiffs and others similarly-situated within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(r).

8. Defendants are private employers engaged in interstate commerce.

9. Defendants are each an "Employer" as defined under FLSA § 3(d) and 29 U.S.C. § 203(d).

## FACTS

10. Plaintiff David Quarles worked continuously for Defendants from 2002 until his resignation during October, 2015 performing tasks on crews that were dispatched from Defendants' facility located in Conyers, Georgia.

11. Plaintiff David Quarles was employed by Defendants as a loader operator, an hourly non-exempt position.

12. During his employment, Plaintiff Quarles was compensated at a rate of approximately $17.00 per hour.

13. Plaintiff James Harrell worked continuously for Defendants from on or about April, 2013 until his termination on or about January 31, 2016 performing tasks on crews that were dispatched from Defendants' facility located in Conyers, Georgia.

14. Plaintiff James Harrell was employed by Defendants as a

grounds man, an hourly non-exempt position.

15. During his employment, Plaintiff Harrell was compensated at a rate of pay ranging from $10.00 when hired to $13.00 per hour until on or about July 1, 2015 when Defendants initiated a system of paying him on a percentage of funds received from jobs.

16. Plaintiff Kenneth Ray Myers, Jr. worked continuously for Defendants performing tasks on crews that were dispatched from Defendants' facility located in Conyers, Georgia from on or about June, 2003 until his termination on or about February 19, 2016.

17. Plaintiff Kenneth Ray Myers, Jr. was employed by Defendants as a tree climber, an hourly non-exempt position.

18. During his employment at all times material to this action, Plaintiff Myers was compensated at a rate of pay of $18.00 until on or about July 1, 2015 when Defendants initiated a system of paying him on a percentage of funds received from jobs.

19. Plaintiffs were paid a portion of his compensation by check and another amount in cash for each pay period.

20. A record of payment issued to Plaintiffs during 2015 by Defendants identified each Plaintiff as a "contract" employee.

21. For the year 2014, Defendants issued Plaintiffs a 1099-Misc "Miscellaneous Income" stating that compensation received was "Nonemployee compensation."

22. The nonemployee compensation block represented only the

amount Plaintiffs were paid by check but did not reflect any amounts paid by Defendants in cash.

23. At no time were Plaintiffs "independent contractors" within the legal meaning of the term under various Federal and Georgia laws and regulations governing application of the term.

24. At no time were Plaintiffs "exempt" employees under the FLSA.

25. As non-exempt employees, Plaintiffs were entitled to time and one-half their hourly rate for all hours worked over forty (40) in one week.

26. Plaintiffs were not paid any overtime for more than one thousand (1000) hours they each worked beyond forty (40) in a week during 2013-16.

27. Defendants' continual refusal to compensate Plaintiffs for unpaid overtime is willful.

28. Defendants possess all records relating to Plaintiffs' employment showing that they failed to pay them overtime. Plaintiffs propose to obtain information regarding the exact hours worked for which overtime compensation was not paid and the exact amounts owed by Defendants through appropriate discovery proceedings to be taken promptly in this case.

29. Defendants never engaged in any good faith effort to determine whether or not its employment practices in regards to

Plaintiffs' compensation for hours worked violated the FLSA.

30. Defendants' violations of the FLSA were intentional, willful, and in conscious disregard for Plaintiffs' rights under the law.

31. Defendants knew or should have known that their refusal to pay overtime with regard to Plaintiffs was in violation of the FLSA.

32. Defendants continue to act in bad faith by refusing to pay Plaintiffs the overtime pay to which they are entitled.

WHEREFORE, Plaintiffs pray for relief as follows:

(1) An Order declaring that Defendants are liable to Plaintiffs for overtime wages, and an equivalent amount as liquidated damages, pursuant to the FLSA;

(2) A Judgment against Defendants for damages, including compensatory and liquidated damages;

(3) An award of attorneys' fees;

(4) An award of all costs and litigation expenses;

(5) For pre-judgment interest; and

(6) For such other and further relief as this Court deems just and equitable.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Respectfully submitted,

_____
A. McArthur Irvin
Georgia Bar No. 384300

IRVIN BOWEN HALE-SMITH LLC
2970 Peachtree Road
Suite 225
Atlanta, GA  30305
404-237-5075
404-364-4550 (facsimile)
mirvin@ibhslaw.com
Attorneys for Plaintiffs